IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                             Cause No. 24-CR-371-MLG-1

RAYSHAWN BOYCE,

    Defendant.

## MOTION TO DISMISS BASED UPON PRE-INDICTMENT DELAY

COMES NOW, Defendant Rayshawn Boyce, by and through counsel of record Joel R. Meyers, of the Law Office of Joel R. Meyers LLC, and Peter J. Eicker, of Eicker Law LLC, and hereby moves the Court to dismiss the Superseding Indictment based upon pre-indictment delay by the government and the prejudice which Mr. Boyce has suffered. The instant motion follows.

### I. INTRODUCTION

For over two years, Mr. Boyce languished in custody awaiting trial related to the alleged robbery of a postal employee. *See* 22-cr-361-MLG. Shortly after Mr. Boyce was taken into custody on that case, the government learned of the possession of approximately one pound of methamphetamine in Cibola County Correctional Center (CCCC). Despite the government's steadfast belief that it was Mr. Boyce who possessed the methamphetamine, the government elected not to charge Mr. Boyce for almost two years. Instead, the government chose to dangle those charges above Mr. Boyce's head in order to extract a plea from him -- in both his 2022 case and one related to the charges that form the basis of the instant superseding indictment. It was only after that strongarm tactic failed that the government presented the instant matter to the grand jury. As a result of the government's strategic delay, Mr. Boyce has suffered irreparable

harm in the form of lost exculpatory evidence. The only available remedy is dismissal of the instant superseding indictment.

## II.     BACKGROUND

On March 26, 2024, the grand jury returned an indictment against Mr. Boyce. *See* Doc. 4. The initial indictment charged Mr. Boyce with unlawfully, knowingly, and intentionally possessing with intent to distribute 50 grams and more of methamphetamine in violation of 21 U.S.C §§ 841(a)(1) and (b)(1)(A)(viii). *See* Doc. 4. The indictment alleged that the offense occurred on May 17, 2022. *Id.* During the time of the alleged crime charged, Mr. Boyce was in pretrial custody for District Court case 22-CR-361 MLG. A superseding indictment was returned in this cause on May 29, 2024. *See* Doc. 20. The superseding indictment was similar to the initial indictment in most material respects, but added co-defendant Gabriella Torres and the crime of conspiracy in violation of 21 U.S.C. § 846. The superseding indictment alleged a date range from February 15, 2022, through May 17, 2022. *See* Doc. 20.

As understood by the defense, the government intends to rely heavily on surveillance footage from inside the Cibola County Correctional Center ("CCCC") to prove its case. To date, despite requests to produce all of the surveillance footage, the government has only produced a portion of the footage from the relevant timeframe. There is other footage the defense has only been able to view while visiting the United States Attorney's Office because the government has indicated that it does not have the technological capability to produce the video to the defense. And even then the footage was unable to be viewed in its entirety. The defense also has reason to believe that there was additional highly relevant footage from inside CCCC that the government did not preserve, but has now been lost due to CCCC's video retention policy.

The failure to produce the pertinent video places Mr. Boyce at significant disadvantage,

because even now, more than two years after the alleged crime occurred, the defense does not yet know what surveillance footage the government has in its possession. If the government has failed to preserve all the necessary footage, Mr. Boyce is significantly prejudiced in his defense because exculpatory evidence has now been lost due the government's inaction – and as a direct result of its choice to delay bringing the instant charges.

### III. THE LAW

"The Due Process clause of the Fifth Amendment to the United States Constitution has been interpreted to require dismissal of an indictment where a defendant is able to demonstrate that delay in charging him with a particular crime was the product of deliberate action by law enforcement personnel designed to gain a tactical advantage resulting in actual prejudice to the accused, thereby depriving him of his right to a fair trial." *United States v. Comonsona*, 614 F.2d 695, 696 (10th Cir. 1980).

In order to bring a motion to dismiss due to pre-indictment delay, "first, there must be demonstration of actual prejudice to the defendant resulting from the delay. Generally, such prejudice will take the form of either a loss of witnesses and/or physical evidence or the impairment of their effective use at trial. Second, the length of delay must be considered. Finally, the Government's reasons for the delay must be carefully considered." *Id.*

The Supreme Court has "establish[ed] a two-pronged due process test against which to measure pre-indictment delay requiring (1) a showing of actual prejudice resulting from the preindictment delay and (2) that the delay was purposefully designed to gain tactical advantage or to harass the defendants." *United States v. Murphy*, 100 F.4th 1184, 1208-1209 (10th Cir. 2024) (internal quotations and citations omitted). "[A] defendant must satisfy both parts of the two-pronged test in order to obtain any relief for pre-indictment delay, including

dismissal of the indictment on the ground of excessive delay." *Id*. at 1209-1210 (internal citation omitted).

### IV. ARGUMENT

Here, the delay in indicting Mr. Boyce was undoubtedly the product of deliberate action by law enforcement personnel designed to gain a tactical advantage. And it is beyond dispute that such delay has resulted in actual prejudice to Mr. Boyce. The initial indictment, as well as the superseding indictment, allege that on **May 17, 2022**, Mr. Boyce unlawfully, knowingly, and intentionally possessed with intent to distribute 50 grams and more of methamphetamine at CCCC. *See* Doc. 4. And it is further alleged by the government that Mr. Boyce conspired to do the same along with former Corrections Officer Gabriella Torres.

According to the government, these allegations are based on real-time surveillance video of Mr. Boyce carrying a white bag from his cell and leaving it in the shower area, where it was later discovered to contain approximately one pound of methamphetamine. The government has provided some, but not all, of the relevant surveillance video footage of the alleged crime taking place. The missing surveillance video is vital to Mr. Boyce's defense.

Notably absent from the surveillance videos provided by the government, and contrary to the government's charged conspiracy in the case, are any videos of Ms. Torres entering Mr. Boyce's cell – which begs the question: how would Mr. Boyce have possessed the methamphetamine in the first place? Numerous requests for additional video surveillance have been ignored. Additionally, the government has explicitly stated that they are unable to disclose one of the videos it did/does, in fact, possess. Thus, the prejudicial effect cannot be ignored.

The facts which gave rise to the charges in this case have now been known by the government for **over two years**. There is no legitimate reason that the government should be

withholding any of the requested surveillance video evidence of Mr. Boyce and co-defendant Gabriella Torres committing the alleged crimes.

This has greatly impacted Mr. Boyce's ability to prepare a defense for trial. In fact, and critically undermining the government's theory of the case, the missing surveillance footage will demonstrate that Ms. Torres actually visited another inmate's cell leading up to the discovery of the methamphetamine and that at least one other inmate had access to, and control of, the bag in which the methamphetamine was found. Without this additional surveillance footage, Mr. Boyce will suffer irreparable prejudice and a complete inability to properly prepare a defense to the charges at issue.

The government's deliberate decision to wait over two years to charge Mr. Boyce has caused him actual prejudice. As mentioned above, the government has failed to produce, or even respond to requests for, additional surveillance footage which will exonerate Mr. Boyce. The government deliberately chose not to charge Mr. Boyce when the alleged crime was initially detected. Instead, it hoped to use the specter of the instant charges to extract a plea from Mr. Boyce in this case as well as the prior robbery case.[1]

Now, some two years later, any hope of the missing footage is lost.[2] The government is unable to justify the delay in this case which has resulted in the loss of physical evidence and the impairment of the effective use of the evidence, in addition to the lengthy delay.

---

[1] Notably, Mr. Boyce proceeded to trial in the robbery case, and he was acquitted of the most serious charges.

[2] Upon information and belief, CCCC only retains footage for 90-120 days before the footage is permanently lost. Had the government brought charges in May 2022, Mr. Boyce would have had the ability to subpoena the necessary surveillance footage. Now, unless that footage is being purposefully withheld – an allegation not lodged here – Mr. Boyce is unable to acquire that footage in order to properly defend himself.

## IV. **CONCLUSION**

The government has impermissibly created a pre-indictment delay by failing to provide all the available surveillance video evidence of the alleged crime. The government's two-year-long threat of indictment was designed to gain a tactical advantage over Mr. Boyce's decision to proceed to trial in this case and in the robbery case. Unfortunately for Mr. Boyce, the government's strategy has caused him to suffer irreparable harm. Video footage has been lost. Key witnesses have since left their jobs at CCCC or have been released from custody. As a direct result of the government's pretrial strategy, Mr. Boyce has been denied the ability to properly prepare a defense for trial in violation of his Due Process rights. The only meaningful remedy is dismissal of the charges.

WHEREFORE, Mr. Boyce requests that the Court dismiss the instant superseding indictment and for such other and further relief that the Court deems just and proper.

Respectfully submitted,

/s/ *Joel R. Meyers*

Joel R. Meyers
Law Office of Joel R. Meyers
1000 Cordova Place, # 930
Santa Fe, New Mexico 87505
Phone: (505) 847-7757
Facsimile: (505) 847-5929
jrm@jrmeyerslaw.com

/s/ *Peter J. Eicker*
Peter J. Eicker
Eicker Law, LLC
P.O. Box 7272
Albuquerque, NM 87194
505-219-4868
Fax: 505-219-4168
pje@eickerlaw.com

Attorneys for Rayshawn Boyce

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 10th day of June 2024, I filed the foregoing electronically through the CM/ECF system, which caused Counsel for the Plaintiff to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Letitia Simms
Assistant United States Attorney
United States Attorney's Office
201 Third Street NW, Suite 900
Albuquerque, NM 87103

/s/ *Joel R. Meyers*